[53 NYS3d 704]

In the Matter of WILLIAM E. GAHWYLER, JR., a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 10, 2017

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Thomas Graham Amon* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By order filed June 15, 2016 (225 NJ 332, 137 A3d 1194 [2016]), the Supreme Court of New Jersey disbarred the respondent, on certifications of default filed by the Office of Attorney Ethics (hereinafter OAE) with regard to four disciplinary matters (docket Nos. DRB 15-206, DRB 15-274, DRB 15-307, and DRB 15-347), for violation of New Jersey Rules of Professional Conduct (hereinafter RPC) rule 1.15 (a) (misappropriation of trust account funds). The order was predicated on a decision dated April 12, 2016, by the Disciplinary Review Board (hereinafter DRB) of the Supreme Court of New Jersey.

The facts as disclosed in the DRB's decision can be summarized as follows:

The respondent was admitted to the New Jersey bar in 1990, and had a disciplinary history consisting of: (1) a "strong censure" in 2011 for a conflict of interest in a real estate transaction, misrepresentations made on closing documents, and a failure to set forth in writing the basis of his fee (208 NJ 353, 28 A3d 1243 [2011]); (2) a one-year suspension from the practice of law in 2013, effective February 22, 2013, again for a conflict of interest in a real estate transaction and dishonesty and misrepresentations made in connection with closing documents, and for taking an excessive fee (212 NJ 556, 58 A3d 727 [2013]); and (3) a censure in 2014, in a default matter, for recordkeeping violations and failure to cooperate with disciplinary authorities (217 NJ 218, 86 A3d 130 [2014]).

Thereafter, the respondent defaulted in four separate New Jersey disciplinary matters: docket Nos. DRB 15-206, DRB 15-274, DRB 15-307, and DRB 15-347.

Docket No. DRB 15-274 (XIV-2013-0456E)

This matter arose out of the respondent's failure to file the required affidavit of compliance pursuant to New Jersey Rules of Court rule 1:20-20, following his one-year suspension in 2013. This rule requires a suspended attorney, within 30 days

of the date of the order of suspension, to file an affidavit of compliance. On August 5, 2015, the OAE certified this matter as a default when the respondent did not answer the complaint, reply to any of the letters sent to him requesting an answer to the complaint, or file the required affidavit. The DRB found, based on the foregoing, that the respondent's failure to file the affidavit constituted violations of RPC rules 8.1 (b) (failure to cooperate with disciplinary authorities) and 8.4 (d) (conduct prejudicial to the administration of justice).

Docket No. DRB 15-206 (XIV-2014-0192E, XIV-2014-0241E, and XIV-2014-0256E)

This matter arose out of the respondent's handling of three client matters while he was suspended from the practice of law. On March 12, 2015, the OAE sent a formal ethics complaint to the respondent, by regular and certified mail. On April 15, 2015, at an appearance for a demand interview with the OAE (for reasons not disclosed in the certification of the record), the respondent was personally handed a second letter directing him to file an answer to the complaint within five days, and advising him that if he failed to do so, the allegations in the complaint would be deemed admitted. As of June 3, 2015, the respondent had not filed an answer to the complaint. Accordingly, on that date, the OAE certified the matter as a default.

The DRB found, based on the foregoing, that the respondent violated RPC rule 8.1 (b) (failure to cooperate with disciplinary authorities); RPC rule 8.4 (d) (conduct prejudicial to the administration of justice); and RPC rule 5.5 (a) (1) (unauthorized practice of law) with regard to all three matters. In addition, the DRB pointed out that a person who "knowingly engages in the unauthorized practice of law" is guilty of a crime of the fourth degree (NJ Stat Ann § 2C:21-22 [a]). Thus, with respect to all three matters, the respondent's representation of the clients amounted to a crime. Accordingly, the respondent violated RPC rule 8.4 (b) (conduct that adversely reflects on a lawyer's honesty, trustworthiness or fitness as a lawyer). Lastly, he also violated RPC rule 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation) by leading clients and others to believe that he was authorized to practice law.

Docket No. DRB 15-307 (XIV-2014-0541E and XIV-2015-0019E)

This disciplinary matter involved the respondent's conduct in two real estate transactions while he was suspended from the practice of law. On June 30, 2015, the OAE sent a formal

ethics complaint to the respondent, by regular and certified mail, followed by a second letter on August 3, 2015, sent by regular mail. The second letter directed him to file an answer to the complaint within five days, and advised him that if he failed to do so, the allegations in the complaint would be deemed admitted. As of August 19, 2015, the respondent had not filed an answer to the complaint. Accordingly, on that date, the OAE certified the matter as a default.

The DRB found, based on the foregoing, as with previous matters, that the respondent violated RPC rules 5.5 (a) (1), 8.1 (b), and 8.4 (b), (c), and (d).

## Docket No. DRB 15-347 (XIV-2015-0287E)

In this disciplinary matter, it was alleged that the respondent knowingly misappropriated escrow funds, in addition to committing multiple other violations. On August 21, 2015, the OAE sent a formal ethics complaint to the respondent, by regular and certified mail, followed by a second letter on September 15, 2015, sent by regular mail. The second letter directed him to file an answer to the complaint within five days, and advised him that if he failed to do so, the allegations in the complaint would be deemed admitted. As of September 29, 2015, the respondent had not filed an answer to the complaint. Accordingly, on that date, the OAE certified the matter as a default.

The complaint alleged that Alla Shapiro owned and operated a commercial establishment known as Shapiro Enterprises, LLC, doing business as The Woodhouse Day Spa (hereinafter together tenant). On June 6, 2007, the tenant entered into a commercial lease with Herod Redevelopment I, LLC/The Pinnacle Companies, LLC (hereinafter landlord). During the tenancy, a dispute arose over unsatisfactory conditions at the property due to water penetration, and the tenant requested remediation. The tenant also withheld rent until appropriate remediation was undertaken and completed by the landlord. Alan Trembulak, the attorney who initially represented the tenant in the dispute, withheld the total sum of $15,293.72, which Trembulak deposited into his attorney trust account, pending resolution of the dispute.

On an unspecified date, the tenant retained the respondent to represent it in the dispute. On May 12, 2014, Trembulak sent the respondent a letter enclosing an attorney trust account check in the amount of $15,293.72. The letter stated that Trembulak had been holding the funds in escrow pending reso-

lution of the dispute, and instructed, "Pursuant to prior agreement between the parties, continue to hold these funds in your Attorney Trust Account pending resolution of the issues in dispute." The check was payable to "William Gahwyler Attorney Trust Account" and the memo line stated "Shapiro/Woodhouse = = escrow funds." However, the respondent deposited the check into his business account. The respondent failed to disclose to Trembulak, the tenant, or the landlord's attorney, Charles Applebaum, that he was suspended from the practice of law, and failed to correct any misapprehension on their part as to his attorney status.

By early 2015, the remediation of the property was completed and the tenant and landlord agreed that the escrowed funds should be turned over to the landlord. Applebaum emailed the respondent on numerous occasions demanding release of the escrowed funds. In an email dated April 15, 2015, the respondent misrepresented to Applebaum that the funds were in escrow. At an OAE interview, the respondent admitted to the knowing misappropriation of the funds. He admitted that he deposited the escrow funds in his attorney business account, and that he used the escrow funds for his personal purposes, including, but not limited to, the payment of credit cards, auto loans, IRS payments, and other personal expenses. The respondent further admitted that he did not have authorization to use the funds for any purpose, and that his use was "driven by personal economic need." The OAE obtained bank records confirming the respondent's use of the escrow funds for personal purposes.

The DRB found, based on the foregoing, that the respondent violated multiple rules, the most significant being RPC rule 1.15 (a), the knowing misappropriation of escrow funds. Other violations included a violation of RPC rules 4.1 (a) (1), 5.5 (a), 8.1 (a), and 8.4 (b), (c), and (d). The DRB concluded that the respondent must be disbarred for knowingly misappropriating escrow funds, and accordingly, there was no need to consider the appropriate quantum of discipline with respect to the respondent's other serious ethics infractions.

By order filed June 15, 2016 (225 NJ 332, 137 A3d 1194 [2016]), the Supreme Court of New Jersey disbarred the respondent, on certifications of default, for violation of RPC rule 1.15 (a) (misappropriation of trust account funds).

By notice pursuant to former 22 NYCRR 691.3, the Grievance Committee for the Second, Eleventh, and Thirteenth

Judicial Districts has made an application to impose reciprocal discipline on the respondent. Although served with a copy of the Grievance Committee's notice on November 16, 2016, the respondent has neither submitted a verified statement nor requested additional time in which to do so.

Based on the findings of the Supreme Court of New Jersey, we find that reciprocal discipline is warranted. Accordingly, the Grievance Committee's application to impose reciprocal discipline is granted, and, effective immediately, the respondent is disbarred based on the disciplinary action taken against him in New Jersey.

ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 1240.13, the respondent, William E. Gahwyler, Jr., a suspended attorney, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, William E. Gahwyler, Jr., shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, William E. Gahwyler, Jr., is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, William E. Gahwyler, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).